# Court of Appeals
# of the State of Georgia

ATLANTA,  May 27, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1825.  JUAN C. BARRIONUEVO v. THE STATE**.

In 2017, Juan Barrionuevo entered a plea of guilty to two counts of child molestation and one count of aggravated sexual battery, and the trial court imposed a life sentence, with the first 15 years to be served in confinement. In February 2026, Barrionuevo filed a motion for leave to file an out-of-time appeal, pursuant to OCGA § 5-6-39.1, which the trial court denied. Barrionuevo then filed this appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

Here, OCGA § 5-6-39.1 does not apply to Barrionuevo because he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under

*Cook.*[1] Accordingly, this appeal is hereby DISMISSED. See OCGA § 5-6-48(b)(3) (providing for dismissal of an appeal when the questions presented have become moot).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/27/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] The provisions of OCGA § 5-6-35(a)(5.3), which require a discretionary application for direct appeals from guilty pleas, do not apply to Barrionuevo since his guilty plea was entered before the statute's effective date of May 14, 2025. See *Clark v. State*, 378 Ga. App. 111, n.1 (924 SE2d 346) (2025).